IN THE COURT OF APPEALS OF TENNESSEE
AT JACKSON
Assigned On Brief December 13, 2005

## STATE OF TENNESSEE, ex rel., DANA MONIQUE SMITH v. JOHN NEWTON FORD

**Direct Appeal from the Juvenile Court for Shelby County
No. G2848   Harold W. Home, Judge**

**No. W2005-00564-COA-R3-CV - Filed March 17, 2006**

The trial court awarded Petitioner child support for one child in accordance with the child support guidelines.  Respondent appeals, asserting the trial court erred by failing to deviate from the child support guidelines.  We affirm.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Juvenile Court Affirmed; and Remanded**

DAVID R. FARMER, J., delivered the opinion of the court, in which W. FRANK CRAWFORD, P.J., W.S., and HOLLY M. KIRBY, J., joined.

Edward M. Bearman, Memphis, Tennessee, for the appellant, John Newton Ford.

Paul G. Summers, Attorney General and Reporter and Warren Jasper, Assistant Attorney General, for the appellee, State of Tennessee.

### MEMORANDUM OPINION[1]

The only issue on appeal in this case is whether the trial court erred by not deviating from the child support guidelines to set the child support obligation for one child of Respondent/Appellant John Newton Ford (Mr. Ford) at $1000 per month rather than the guideline amount of  $1411 per month from June 1999 to November 2002 and $1900 per month from

---

[1]**RULE 10.  MEMORANDUM OPINION**

This Court, with the concurrence of all judges participating in the case, may affirm, reverse or modify the actions of the trial court by memorandum opinion  when a formal opinion would have no precedential value.  When a case is decided by memorandum opinion it shall be designated "MEMORANDUM OPINION", shall not be published, and shall not be cited or relied on for any reason in any unrelated case.

November 2002 forward. Mr. Ford's argument on appeal, as we perceive it, is that, because he voluntarily pays $1000 per month in child support for each of his five children born to two mothers, it is inequitable to require him to pay $1900 per month in support of a sixth child born to a third mother. He asserts that the award of $1900 per month to one child where he voluntarily pays $1000 per month in support of the five older children works an inequity among the children.

Although we applaud Mr. Ford's payment of support to his five children notwithstanding the absence of a court order requiring him to do so, we cannot say the trial court abused its discretion in refusing to deviate downwards from the child support guidelines in order to assure the sixth child receives no more support than her older half-siblings. Of course, Mr. Ford is at liberty to increase the amount he voluntarily pays in support of the five older children in order to balance the equities.

Judgment of the trial court is affirmed. Costs of this appeal are taxed to the Appellant, John Newton Ford, and to his surety, for which execution may issue if necessary.

_____
DAVID R. FARMER, JUDGE